UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL PARKS,

        Plaintiff,

v.                                        CASE NO. 2:07-CV-10701
                                          HONORABLE GERALD E. ROSEN
DAVID BARLOW and the MICHIGAN
DEPARTMENT OF CORRECTIONS,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      Plaintiff Robert Earl Parks is an inmate at Parnall Correctional Facility in Jackson, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Defendants are the Michigan Department of Corrections and David Barlow, who is a resident unit manager for the Department of Corrections.

      The complaint and exhibits allege that, in 2005, Plaintiff attempted to file a petition for judicial review in Ingham County Circuit Court. The petition sought restoration of good time credits. On September 6, 2005, the circuit court returned Plaintiff's papers and ordered him to re-submit his papers within twenty-one days with an initial partial filing fee of $25.65. On September 22, 2005, Plaintiff completed an institutional request for expedited legal mail in the amount of $25.65. On September 27, 2005, a prison official mailed Plaintiff's paperwork to the circuit court, but did not enclose the initial partial filing fee.

Plaintiff filed a grievance, and on October 10, 2005, defendant David Barlow responded to the grievance by acknowledging that the filing fee was not sent to the circuit court. Barlow claimed, however, that he had contacted the court and that the court had agreed to set aside the deadline and to accept the filing fee. Plaintiff took no further action because he believed that the matter had been resolved. However, on April 10, 2006, he received a court order stating that he had not complied with the filing deadline of September 27, 2005, and that his petition was time-barred.

Plaintiff claims that he was denied his right of access to the courts due to the defendants' negligence. He asserts that he forfeited 397 days of good time credits as a result of having his state court case dismissed. He seeks unspecified compensation.

## II. Discussion

### A. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## B. Access to the Courts

To successfully establish a *prima facie* case under § 1983, the plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). The federal right implicated here is the First Amendment right of access to the courts.

"[P]risoners have a constitutional right of access to the courts," which must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). This "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers . . . ." *Id*. at 828. However, Plaintiff concedes that the defendants were merely negligent in failing to submit his filing fee to the state circuit court. A prison official's negligence is not a basis for relief under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Even negligent interference with an inmate's First Amendment right of access to the courts is not actionable under § 1983. *Pink v. Lester*, 52 F.3d 73, 74, 78 (4th Cir. 1995).

Furthermore, exhibits to the complaint indicate that Plaintiff's failure to pay the initial partial filing fee was not the primary reason for the dismissal of his state court petition. His petition for judicial review was denied because he failed to comply with a sixty-day statutory period for judicial review of an administrative agency's decision. The agency decision was made on April 23, 2002, but Plaintiff waited over three years to seek judicial review of the agency's decision. The state circuit court also stated in its order of dismissal that it found no merit in the grounds for the application.

### C. The Michigan Department of Corrections

The allegations against the Michigan Department of Corrections are frivolous and fail to state a claim for an additional reason. The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989).[1] Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

### III. Conclusion

Plaintiff has failed to show that the defendants deprived him of a federal constitutional right. His claims are frivolous, fail to state a claim for which relief may be granted, and seek damages from a defendant which is immune from such relief. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v.*

---

[1] The Michigan Department of Corrections is "an administrative agency within the executive branch of Michigan's government." *Hopkins v. Michigan Parole Bd.*, 237 Mich. App. 629, 636; 604 N.W.2d 686, 690 (1999).

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

> [C]ertification that the appeal is not taken in good faith allows two choices. The prisoner either may pay the full filing fee and any relevant costs and proceed on appeal for plenary review or contest the certification decision by filing a motion for leave to proceed as a pauper with the court of appeals.

16A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3970 (3d

ed. 1999) (quoted in *Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006)).


                               s/Gerald E. Rosen
                               Gerald E. Rosen
                               United States District Judge

Dated:  March 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2007, by electronic and/or ordinary mail.

                               s/LaShawn R. Saulsberry
                               Case Manager